STATE, REUBEN R. BARKER, Complainant, *vs.* WILLIAM K. LUTHER.

PROVIDENCE—APRIL 22, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In a complaint or indictment only those exceptions which enter into or form part of the definition of the offence, or qualify the language creating or defining it, need be negatived.

Gen. Laws R. I. cap. 147, § 6,[1] does not limit the offence described to a registered dealer, but applies equally to all persons.

Cap. 282, § 1, relating to sales of "adulterated or unwholesome provisions, whether for meat or drink," has no application to the sale of adulterated milk, the latter offence being punishable only under cap. 147, § 9.

Therefore a complaint charging in one count that the defendant "did sell and exchange adulterated milk," and also "did have in his possession with intent to sell and exchange, and offer for sale and exchange, adulterated milk," is not bad for duplicity; the allegations are to be considered as charging cognate offences.

A complaint is not bad for uncertainty which omits to specify the kind of analysis used in determining the elements of the milk to which the count refers; *i. e.*, whether the analysis is by weight or volume.

If necessary to his defence a defendant may compel, by motion, the prosecutor to specify in the nature of a bill of particulars the method of analysis which will be relied on in proof of the charge.

The court cannot take judicial cognizance of methods of analysis, nor can the question be raised in a motion to quash the complaint.

---

[1] SEC. 6. No person shall sell or exchange, or have in his possession with intent to sell or exchange or offer for sale or exchange, adulterated milk or milk to which water or any foreign substance has been added.

A statute provided that milk should be deemed to be adulterated if it contain
more than 88 per cent of watery fluids, or less than 12 per cent of milk solids,
or less than 2½ per cent. of milk fats :—
*Held,* that a complaint was sufficient which averred that the milk was deficient in
two of these particulars, without mentioning the third.

COMPLAINT for selling, and having in possession with intent
to sell, adulterated milk. Heard on motion to quash the
complaint.

MATTESON, C. J. This is a complaint charging a violation
of Gen. Laws R. I. cap. 147, § 6. The complaint is as fol-
lows : "That at said Providence, in said county, on the 24th
day of July, A. D. 1897, with force and arms, William K.
Luther of said Providence, laborer, did sell and exchange,
and have in his possession, with intent to sell and exchange
and offer for sale and exchange, adulterated milk, to wit,
milk which contained more than eighty-eight per centum of
watery fluids and less than twelve per centum of milk solids,
as shown by analysis of said milk, against the statute and
the peace and dignity of the State."

The defendant was found guilty in the District Court of
the Sixth Judicial District, on his admission of sufficient evi-
dence to convict, and appealed to the Common Pleas Division,
in which he filed a motion to quash the complaint, whereupon
the case was certified to this Division for hearing on that
motion.

The first ground of the motion is that the complaint does
not sufficiently and certainly set out any offence under the
laws of the State. The defendant argues that the complaint
is insufficient because it charges no offence, since it is per-
fectly lawful to sell and have for sale adulterated milk, pro-
vided the dealer who sells and distributes it "shall distinctly
mark, in letters not less than one inch in length, in a con-
spicuous place above the center upon the outside of every
vessel, can, or package containing such milk, the words
"skimmed milk." Gen. Laws R. I. cap. 147, § 7. That
when one portion of the statute prohibits in express terms
the doing of an act, and another portion prescribes certain
conditions whereby the doing of the act may be lawful, a

complaint for the violation of the statute must negative all the exceptions.

Those exceptions only which enter into or form part of the definition of an offence, or qualify the language creating or defining it, need be negatived in a complaint or indictment. *State* v. *O'Donnell*, 10 R. I. 472; *State* v. *Rush*, 13 R. I. 198; *State* v. *Gallagher*, 20 R. I. Part 2, 17. Though Gen. Laws R. I. cap. 147, § 7, authorizes by implication the sale or exchange, &c., of milk, from which the cream or some part of it has been removed, or which shall not contain $2\frac{1}{2}$ per cent. of milk fats, and which, therefore, comes within the classification of adulterated milk as defined in § 8 of the same chapter, and thereby creates an implied exception to § 6, it is not referred to in § 6, and consequently it in no way enters into or forms a part of the definition of the offence created by § 6, or qualifies that definition, but stands as an independent provision. We think, therefore, that it is to be regarded as in the nature of a license to sell or exchange, &c., in the manner specified, milk, the sale and exchange, &c., of which would otherwise be unlawful, and hence that it is merely a matter of defence of which the defendant may avail himself, if according to the fact, and not a matter to be negatived in the complaint.

The defendant also contends that the complaint is bad because it contains no averment that the defendant was a registered milk dealer. He refers to Gen. Laws R. I. cap. 147, § 5, which provides that if any person engaged in the business of selling milk and conveying the same for sale neglects to cause his name and place of business to be recorded in the inspector's book, &c., he shall be subject to a penalty as therein prescribed, and argues that inasmuch. as it is unnecessary, under the milk law, to allege or prove knowledge of the adulteration on the part of the accused (*State* v. *Smith*, 10 R. I. 258), it is reasonable to hold that only a registered dealer shall be subject to the burden of selling milk at his peril. Section 6 does not, however, limit the offence of selling or exchanging, &c., adulterated milk to a registered dealer. Its language is general—"No person shall sell or

exchange," &c. It applies equally, therefore, to all persons, whether registered dealers or not.

The second ground of the motion is that the complaint is bad for duplicity, in charging several distinct offences in one count, in this, that it charges that the defendant " did sell and exchange adulterated milk," and also " did have in his possession, with intent to sell and exchange and offer for sale and exchange, adulterated milk," &c. It is conceded that cognate offences of this kind may be charged in a single count, if the proceedings and the punishment be the same for each. *State* v. *Brady*, 16 R. I. 51. But it is insisted that the offences charged in the present count are not cognate because the first charge, to wit, selling and exchanging milk, is an indictable offence, punishable by imprisonment not exceeding six months or a fine not exceeding two hundred dollars, and the offences charged in the latter part of the count are not indictable, but are punishable on complaint and warrant and within the jurisdiction of the District Courts.

The defendant, in support of his claim that the first charge is an indictable offence punishable by imprisonment not exceeding six months or a fine not exceeding two hundred dollars, refers to Gen. Laws R. I. cap. 282, § 1, which enacts that " every person who shall sell any kind of diseased, corrupted, adulterated or unwholesome provisions, whether for meat or drink, without making the same known to the buyer," shall be imprisoned or fined as stated. We are of the opinion, however, that cap. 282, § 1, has no application to the sale of adulterated milk, but that this offence, as well as the other offences charged in the count, are punishable only under cap. 147, § 9, and by complaint and warrant issued by the District Courts, and, therefore, that they are to be regarded as cognate offences.

The third ground of the motion is that the complaint is uncertain, in omitting to specify the kind of analysis used in determining the elements in the sample of milk complained of, inasmuch as an analysis of liquids, for the purpose of determining the ratio existing in a given sample between the different elements of which the liquid is composed, may

be made either on the basis of volume or the basis of weight; hence the allegation that the sample of milk complained of contained more than eighty-eight per centum of watery fluids and less than twelve per centum of milk solids, as shown by analysis of said milk, is uncertain and indefinite, and does not sufficiently inform the defendant of the offence charged, because he cannot tell whether he is to meet a charge based on an analysis by weight or by volume.

The complaint pursues the language of the statute. We presume that the statute contemplates the method of analysis commonly in use. We have no evidence before us as to whether different methods of analysis are practicable, or, if so, whether they would differ in results. If they are practicable and do differ, it is open to the defendant to avail himself of that method which is the more favorable to himself. Moreover, if the defendant deems it necessary to his defence, we see no reason why he cannot compel, by motion, the prosecution to specify, in the nature of a bill of particulars, the method of analysis which will be relied on in proof of the charge.

We cannot take judicial cognizance as to methods of analysis, their practicability and results, and, therefore, in the absence of evidence on these matters, we do not see how we can determine them; and we are consequently of the opinion that the defendant cannot raise the question which he seeks to raise in the present motion.

The fourth ground of the motion is that the complaint omits to set forth that the sample of milk complained of was deficient in milk fats. The statute, Gen. Laws R. I. cap. 147, § 8, provides that if the milk be shown on analysis to contain more than eighty-eight per centum of watery fluids, or to contain less than twelve per centum of milk solids, or less than two and a half per centum of milk fats, it shall be deemed to be adulterated. It is enough for the purpose of the prosecution if the milk complained of fails to meet the requirement of the statute in either of the three particulars specified. In the present complaint it is averred that the milk complained of did not conform to the requirement of

the statute in two of the particulars specified, to wit, that it contained an excess of watery fluids, and that it was deficient in milk solids. Whether or not it contained the requisite amount of milk fats is immaterial, so long as it was not up to the standard in the other particulars.

The motion to quash is denied, and the case is remitted to the Common Pleas Division for further proceedings.

*William B. Greenough,* for the State.

*John W. Hogan,* for defendant.